UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
COLONY INSURANCE COMPANY,

                        Plaintiff,      Civil Case No.:

v.

                                    **COMPLAINT FOR**
                                    **DECLARATORY JUDGMENT**

SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY AND VLADAMIR
RODRIGUEZ RIVAS

                        Defendants.
-------------------------------------------------------------x

       Plaintiff, COLONY INSURANCE COMPANY ("Colony" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendant, SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY ("Southwest") and VLADAMIR RODRIGUEZ RIVAS ("Rivas").

## NATURE OF THE ACTION

       1.     In this action, Colony seeks a declaration that Southwest is obligated to defend and indemnify Southwest's insured, Elmcor Housing Development Fund Corporation ("Elmcor Housing") in connection with an Underlying Action.

       2.     Vladamir Rodriguez Rivas ("Rivas") alleges he suffered injuries on December 19, 2022, and subsequently filed an underlying action on December 23, 2022 in Supreme Court, Queens County ("Underlying Action").

       3.     Colony has been forced to defend Elmcor Housing in the Underlying Action and has incurred defense costs and expenses because of Southwest's refusal to defend and indemnify Elmcor Housing.

## PARTIES

4. At all times material hereto, Colony was and is a Virginia insurance company (not an LLC) with its principal place of business in Chicago, Illinois.

5. At all times material hereto, Southwest was and is a foreign corporation with its principal place of business in Morristown, New Jersey, and is licensed and authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

6. At all times material hereto, Rivas was, and is, domiciled in Queens, New York.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

8. Personal jurisdiction over Southwest is proper as it is domiciled in Arizona and conducts business in the State of New York.

9. Personal jurisdiction over Rivas is proper as he is a resident of, and domiciled in, the State of New York.

10. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## INSURANCE POLICY

11. Southwest issued a Commercial General Liability Policy to its Named Insured, Penta Restoration Corp. ("Penta") ("Southwest Policy").

12. The Southwest Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

13. Elmcor Housing qualifies as an Additional Insured under the Southwest Policy on a primary and non-contributory basis.

## CONTRACT

14. In a January 13, 2022 contract, Penta agreed to procure insurance on behalf of Elmcor Housing, and to name Elmcor Housing as an Additional Insured on a primary and non-contributory basis on its own insurance policy with Southwest.

## ACCIDENT AND UNDERLYING LAWSUIT

15. On December 23, 2022, a Complaint was filed entitled, *Vladamir Rodriguez Rivas v. The Penta Group LLC, Penta Restoration Corp., Elmcor Housing Development Fund Corporation, and Elmcor Youth & Adult Activities, Inc.*; Supreme Court, Queens County; Index No.: 726969/2022 ("Underlying Action").

16. In the Underlying Action, Rivas alleges that that on December 19, 2022 he was performing construction and renovation work at 104-10 Northern Blvd, Corona, New York 11368 and was injured due to an unsafe work environment.

17. In the Underlying Action, Rivas alleges that Penta is responsible for the accident and his alleged injuries.

18. Colony assigned counsel to defend Elmcor Housing and is paying for Elmcor Housing's defense in the Underlying Action.

## TENDER

19. On January 19, 2023, Colony tendered Elmcor Housing's defense and indemnity in the Underlying Action to Southwest.

20. On January 20, 2023, Southwest improperly denied coverage and rejected the tender under the Southwest Policy.

21. Southwest stated that since there was no judicial determination of negligence, the Additional Insured endorsement in its policy had not been triggered.

22. Southwest has improperly failed to defend and indemnify Elmcor Housing in connection with the Underlying Action under the Southwest Policy.

23. Colony has been forced to defend Elmcor Housing in the Underlying Action and has incurred defense costs and expenses because of Southwest's improper refusal to defend and indemnify Elmcor Housing.

24. An actual controversy exists between Colony and Southwest with respect to Southwest's duty to defend and to indemnify Elmcor Housing in connection with the Underlying Action.

25. Colony has no adequate remedy at law.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

26. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "25" as if fully set forth herein.

27. The subject accident and the Underlying Action fall within coverage afforded by Southwest under the Southwest Policy.

28. Elmcor Housing is Southwest's insured under the Southwest Policy and is entitled to defense and indemnity from Southwest in connection with the subject accident and the Underlying Action.

29. Southwest must provide primary and noncontributory coverage for the subject accident and the Underlying Action to Elmcor Housing under the Southwest Policy.

30. Colony is entitled to a declaration that Southwest has a duty to defend and indemnify Elmcor Housing on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Colony for past defense costs and expenses incurred for Elmcor Housing as an Additional Insured under the Southwest Policy.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

31. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "30" as if fully set forth herein.

32. The subject accident and the Underlying Action fall within the coverage afforded by Southwest under the Southwest Policy.

33. All terms and conditions of the Southwest Policy have been complied with and met.

34. Southwest is obligated to defend and to indemnify Elmcor Housing on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy.

35. Southwest has breached its obligations by refusing to defend and to indemnify Elmcor Housing in connection with the subject accident and the Underlying Action under the Southwest Policy.

36. As a result of Southwest's breach of its obligation to defend and to indemnify Elmcor Housing in connection with the subject accident and the Underlying Action, Colony has been required to incur defense costs that should have been incurred by Southwest and continues to do so.

37. Colony has suffered and will continue to suffer damages on account of Southwest's refusal to fulfill its obligations to defend and to indemnify Elmcor Housing in connection with the subject accident and the Underlying Action.

38. Southwest is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify Elmcor Housing in connection with the subject accident and the Underlying Action, including paying past defense costs and ongoing costs and fees and expenses for defense and/or indemnity.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that Southwest has a duty to defend and to indemnify Elmcor Housing on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy and to reimburse Colony for past defense costs and expenses;

b. Awarding Colony all damages incurred by virtue of Southwest's breach of its obligation to defend and to indemnify Elmcor Housing in connection with the subject accident and the Underlying Action; and

c. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
February 27, 2024

LONDON FISCHER LLP

/s/ William J. Edwins
By: James Walsh
William J. Edwins
Attorneys for Plaintiff
Colony Insurance Company
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000
Our File No.: 417.0567236